IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANKIT DEVARSH ZAYKARIYA; and SASCHE-TIYE ZAYKARIYA, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. CIV-25-316-D ) ) ) ) ) ) |

## **ORDER**

Before the Court is Plaintiffs' Motion for Preliminary Injunction [Doc. No. 8]. Plaintiffs request that the Court restrain and enjoin Defendants from "proceeding with any foreclosure sale, eviction, transfer of title, or further action affecting the Plaintiffs' property located in Lawton, Oklahoma, including but not limited to coercing Plaintiffs into signing any new mortgage documents, loan modification agreements, repayment plans, or forbearance agreements that would ratify, reaffirm, or legitimize a contested, fraudulent, and rescinded transaction." [Doc. No. 8, at 1]. Plaintiffs are currently parties to a foreclosure action pending in the District Court of Comanche County, Oklahoma.[1] Plaintiffs are actively participating in the foreclosure proceedings and recently filed a motion for summary judgment on April 21, 2025.

---

[1] The Court takes judicial notice of the state-court action, currently pending in the Comanche County District Court, Case No. CJ-2023-363. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CJ-2023-363&cmid=550496.

1

A preliminary injunction is an "extraordinary remedy" and any right to relief must therefore be "clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (quotation marks and citation omitted). "Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established." *U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989).

To obtain a preliminary injunction, the movant bears the burden of establishing four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Republican Party of New Mexico v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013). Although Rule 65 addresses a hearing, a court may rule based on the written submissions. *See Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (unpublished).[2] This is particularly true in cases where no hearing was requested by the parties. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) (noting that "a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made.").

Moreover, a federal court's authority to interfere with a state court proceeding is limited. Under the Anti-Injunction Act, "[a] court of the United States may not grant an

---

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The Supreme Court has made clear that the statute imposes an absolute ban on federal injunctions against pending state court proceeding[s], in the absence of one of the recognized exceptions in the law." *Phelps v. Hamilton*, 122 F.3d 1309, 1324-25 (10th Cir. 1997) (citing *Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972)). "This prohibition against enjoining 'proceedings in a state court' applies to state foreclosure proceedings." *Horton v. Clark*, 948 F.2d 1294 (table), 1991 WL 240115, at *1 (10th Cir. 1991). Further, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

In their motion, Plaintiffs do not allege any facts, nor does the record otherwise suggest any basis, for this Court to enjoin the state-court foreclosure proceedings or to enjoin a party to the state-court action from pursuing foreclosure. For this reason, the Court declines to enjoin the foreclosure proceedings or the parties therein from participating in the ongoing foreclosure.

Although the crux of Plaintiffs' motion seeks to halt and/or disrupt the foreclosure proceedings, Plaintiffs also seek to enjoin Defendants from "coercing Plaintiffs into signing any new mortgage documents, loan modification agreements, repayment plans, or forbearance agreements that would ratify, reaffirm, or legitimize a contested, fraudulent, and rescinded transaction." [Doc. No. 8, at 1].

For this request, Plaintiffs have failed to establish their entitlement to injunctive relief. First, Plaintiffs have not shown a likelihood of success on the merits. In their motion, Plaintiffs merely state that they have asserted claims under various statutes; allege that Defendants have failed to respond to Plaintiffs' rescission and other statutory demands; and that the subject property is no longer part of the bankruptcy estate. Standing alone, these claims are insufficient to show that Plaintiffs are likely to succeed on the merits in this action. Further, Plaintiffs have not explained how entering into a loan modification or similar agreement would cause them to lose their home or otherwise suffer irreparable injury. Rather, Plaintiffs' showing of irreparable harm is merely speculative. The Court is also confident that – given Plaintiffs' stated distrust of Defendants – that Plaintiffs will carefully consider any new agreements offered by Defendants prior to execution. The Court further finds that Plaintiffs' conclusory statements related to the third and fourth factors are insufficient to warrant injunctive relief. For these reasons, the Court declines to grant Plaintiffs a preliminary injunction related to loan modification documents.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Preliminary Injunction [Doc. No. 8] is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Ruling on Plaintiffs' Pending Preliminary Injunction [Doc. No. 32] is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 22nd day of May, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge