IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANKIT DEVARSH ZAYKARIYA; and SASCHE-TIYE ZAYKARIYA, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. CIV-25-316-D ) ) ) ) ) ) |

### **ORDER**

Before the Court is Plaintiffs' "Notice of Record Clarification, Request for Judicial Recusal, and Notice of Federal Oversight Reporting" [Doc. No. 36].

The Court first notes that Plaintiffs' filing fails to comply with the Court's Local Rules. Pursuant to LCvR7.1(c), "[e]ach motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order." In the present motion, Plaintiffs improperly request multiple items of relief, to include: recusal of the undersigned judge; a ruling on Plaintiffs' Motion for Preliminary Injunction [Doc. No. 8]; "[c]larification and correction of the record to reflect that Plaintiffs have now actively pursued only one Rule 56 dispositive motion"; "[r]ecognition that Plaintiffs' May 13, 2025 filing was not intended as a dispositive motion, and withdrawal of any request for final judgment contained therein"; and "[j]udicial acknowledgement of Plaintiffs' notice of federal oversight reporting." [Doc. No. 36, at 5]. In the future, Plaintiffs are instructed that

1

requests for relief should be filed as separate motions, per LCvR7.1(c), or they will be stricken.

In their motion, Plaintiffs seek recusal pursuant to 28 U.S.C. § 455. Under Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). "Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "Judges not only have a strong duty to recuse when appropriate, *but also a strong duty to sit*, and [Section 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (internal quotation marks and citation omitted, emphasis added). Further, Tenth Circuit authority makes clear that dissatisfaction with the Court's adverse rulings are almost never a basis for recusal. *Id.* at 1252 ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification.") (internal quotation marks and citation omitted); *see also Webb v. Swensen*, 663 F. App'x 609, 615 (10th Cir. 2016) (unpublished)[1] ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge.") (internal quotation marks and citation omitted).

Plaintiffs' motion fails to establish facts warranting recusal. In their motion, Plaintiffs merely conclude that "judicial neutrality has been compromised" and that "[t]he

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

2

Court's pattern of rulings demonstrates favoritism toward the Defendants" and "mischaracterizes Plaintiffs' filings despite clear statutory citations." [Doc. No. 36, at 4]. Specifically, Plaintiffs take issue with the Court granting an extension of time to a defendant; and "threatening dismissal." On the first point, the Court notes that it previously granted *Plaintiffs* leave to file a response out of time [Doc. No. 28]. Further, the Court has not "threaten[ed] dismissal," but has advised Plaintiffs "that the Court will first decide Defendants' motion(s) to dismiss, then set a scheduling conference." [Doc. No. 30, at 2]. Because Plaintiffs have failed to allege facts justifying recusal under 28 U.S.C. § 455, Plaintiffs' motion for recusal will be denied.

Although Plaintiffs appear *pro se*, the Court has previously admonished Plaintiffs that they must nevertheless comply with the Federal Rules of Civil Procedure and the Court's Local Rules [Doc. No. 30, at 2]. Accordingly, the Court will continue to strike Plaintiffs' filings to the extent they do not comply with these rules.

**IT IS THEREFORE ORDERED** that Plaintiffs' "Notice of Record Clarification, Request for Judicial Recusal, and Notice of Federal Oversight Reporting" [Doc. No. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' requests regarding their previous motions [Doc. Nos. 19, 25] are **DENIED** as **MOOT**, as both filings have been stricken from the record [Doc. No. 30]. The Court will enter a scheduling order at a later date, which will include a deadline for Plaintiffs to file their motion for summary judgment. **IT IS FURTHER ORDERED** that Plaintiffs' request for a ruling on Plaintiffs' Motion for

Preliminary Injunction [Doc. No. 8] is **DENIED** as **MOOT** in light of the Court's separate ruling [Doc. No. 38].

    **IT IS SO ORDERED** this 27th day of May, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge