IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANKIT DEVARSH ZAYKARIYA; and SASCHE-TIYE ZAYKARIYA,  )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FREEDOM MORTGAGE )<br>CORPORATION, et al., )<br>)<br>Defendants. ) | Case No. CIV-25-316-D |

## ORDER

Before the Court is Defendant Freedom Mortgage Corporation's Opposed Motion for Leave to File Response and/or Answer Out of Time [Doc. No. 46]. Plaintiffs filed responses [Doc. Nos. 48, 50].[1] The matter is fully briefed and at issue.

Plaintiffs' operative complaint was filed on March 17, 2025 [Doc. No. 6]. Defendant acknowledges that the return of service indicates that Defendant was served on April 7, 2025, at the earliest, which resulted in an answer deadline of April 28, 2025.

On April 27, 2025, defense counsel was retained, who "immediately commenced the process of seeking admission to practice before this Court and obtaining the necessary filing privileges." [Doc. No. 46, at 2]. Defense counsel was sworn in to practice before this Court on May 7, 2025. That same day, defense counsel conferred with Plaintiffs regarding Defendant's request for additional time to file an answer or response to Plaintiffs' complaint.

---

[1] In the future, duplicative or supplemental documents filed without leave of Court will be stricken.

1

On May 8, 2025, Defendant filed an Opposed Motion for Extension of Time to File Answer or Otherwise Respond to Plaintiffs' Complaint [Doc. No. 26].[2] On May 9, 2025, Plaintiffs filed a Motion for Default Judgment [Doc. No. 27].

On May 30, 2025, Defendant filed the present Opposed Motion for Leave to File Response and/or Answer Out of Time [Doc. No. 46].

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, when a deadline has expired, a court may extend the deadline for good cause upon a showing of "excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). To determine whether excusable neglect exists, the Court considers the relevant circumstances surrounding the party's omission, to include: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alteration in original).

Upon consideration of these factors, the Court finds that Defendant should be granted leave to file an answer or response to Plaintiffs' complaint out of time. First, Defendant argues that Plaintiffs will not be prejudiced by allowing Defendant's response because "the delay is minimal and necessary to ensure that [Defendant] is properly represented in this matter." [Doc. No. 46, at 5]. In response, Plaintiffs fixate on the fact that

---

[2] Because Defendant should have sought leave to file an answer or response out of time, the Court directed Defendant to file a motion for leave on or before May 30, 2025 [Doc. No. 37].

Defendant's motion for leave was not supported by an "affidavit, timeline, or sworn facts[,]" which is immaterial [Doc. No. 48, at 3]. Additionally, Plaintiffs briefly argue that they have been prejudiced by "preparing filings based on [Defendant's] untimely response to the summons and claims." *Id.* at 4. Apart from this statement, Plaintiffs have not explained how Defendant's brief delay in responding to Plaintiffs' complaint would prejudice Plaintiffs.

Next, the length of delay and impact on judicial proceedings is minimal. There was approximately one week between Defendant's answer deadline and when defense counsel reached out to Plaintiffs for additional time to respond. Further, Defendant's out-of-time response will not significantly delay these proceedings. On this point, the Court notes that the motion to dismiss filed by the other three defendants [Doc. No. 14] remains pending. The Court has not entered a scheduling order in this case, and no trial date has been set. For these reasons, the Court finds that the factor analyzing length of delay and potential impact on judicial proceedings weighs in favor of Defendant.

For the third and fourth factors, the reason for delay does appear to be in Defendant's control in that Defendant could have mitigated the circumstances by engaging counsel earlier; however, nothing in the record indicates that Defendant acted in bad faith. Although Defendant engaged counsel the day before its response deadline, counsel immediately took steps to be admitted to practice in this Court and was sworn in within one week of being engaged by Defendant. The same day that defense counsel was sworn in, she contacted Plaintiffs about Defendant's request for additional time to respond, which was met with Plaintiffs filing a motion for default judgment. These circumstances do not reflect bad faith

on the part of Defendant or defense counsel. Given the Court's strong predisposition to resolve cases on their merits, and because three of four factors weigh in favor of permitting Defendant to respond out of time to Plaintiffs' complaint, Defendant's motion will be granted.

**IT IS THEREFORE ORDERED** that Defendant Freedom Mortgage Corporation's Opposed Motion for Leave to File Response and/or Answer Out of Time [Doc. No. 46] is **GRANTED**. Defendant shall answer or otherwise respond to Plaintiffs' complaint within 7 days of this Order.

**IT IS FURTHER ORDERED** that, in light of this ruling, Plaintiffs' Motion for Entry of Default [Doc. No. 27] is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 23rd day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge